23660.   MITCHELL et al. v. CULPEPPER, Administrator.

Argued September 15, 1966—Decided October 6, 1966.

*Claude E. Hambrick*, for appellants.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, William J. Thompson,* for appellee.

GRICE, Justice. A petition seeking to have the ordinary require an administrator to convey title to real estate involved in a sales contract is here for evaluation. J. F. Mitchell and E. T. Parramore filed the petition with the Ordinary of DeKalb County, against Lloyd Culpepper, as administrator of the estate of Mrs. Bertie Culpepper.

The administrator interposed general and special demurrers. By consent of the parties the proceeding was appealed to the superior court. Enumerated as error here is that court's sustaining of the administrator's general demurrers to the petition.

The allegations of the petition, insofar as material to this determination, are those which are hereinafter set forth.

The deceased and the plaintiffs entered into a contract for the sale of described land whereby the plaintiffs paid a stated sum as earnest money and agreed to pay the balance in cash and by promissory notes. The contract named an escrow agent and provided for payment of the purchase price and delivery of the notes and a security deed to such agent by the purchasers and delivery of the warranty deed to the agent by the seller.

Following the deceased's death the plaintiffs approached her administrator to discuss the consummation of the sale provided for in the contract. But the administrator informed them that he refused to recognize it and had no intention of performing it.

The earnest money paid to the deceased has not been returned to the plaintiffs. The escrow agent named in the contract has refused to act on the ground that its agency was terminated by the seller's death. No deed has been made. The deceased's heirs at law, all of full age and residents of the state, are recited.

The petitioners seek to obtain relief under *Code Ann. Ch.* 113-16. The first section, *Code Ann.* § 113-1601, provides in relevant part as follows: "If an intestate . . . during his life, shall execute . . . a contract for the sale of land, and die without . . . fulfilling the terms of the contract for the sale of land, the holder . . . of the contract for the sale of land, after having complied with the conditions or obligations therein, may apply to the ordinary having jurisdiction over the estate for an order requiring the

administrator . . . to make title according to the terms . . . of the contract, and in all cases attaching to his petition for such order a copy . . . of the contract."

The second section, *Code Ann.* § 113-1602, prescribes that if objections are filed, the ordinary shall hear evidence as to "whether the conditions of said . . . contract for the sale of land have been complied with by the payment of the purchase money or not . . ."

Thus, the only issue is whether or not the purchase price has been paid. Here, it is not alleged that the plaintiffs have paid the purchase price stipulated in the contract, in consideration of which they were to receive a warranty deed. They do not allege that they have tendered this purchase price or that they have offered to pay it into court. Therefore, they did not allege a cause of action for relief under this provision of law.

In view of this ruling it is unnecessary to pass upon further grounds of general demurrer.

*Judgment affirmed. All the Justices concur.*